# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Oscar Lopez-Magallon,<br>Defendant. | No. CR-16-00960-001-TUC-JGZ (DTF)<br>**ORDER** |

Pending before the Court is Magistrate Judge Ferraro's Report and Recommendation (R&R) recommending that the District Court deny Defendant's Motion to Dismiss the Indictment. (Doc. 81.) Defendant has filed an objection to the Magistrate Judge's legal conclusions and asks that this Court conduct an independent review of the issue and dismiss the indictment. (Doc. 84.) After considering the R&R and the arguments raised in Defendant's objection and original motion to dismiss, the Court will adopt Judge Ferraro's R&R.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (*citing Britt v. Simi Valley Unified*

*Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings; the Court then may decide the dispositive motion on the applicable law. *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979) (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974)).

## DISCUSSION

On April 20, 2016, Defendant Oscar Lopez-Magallon was charged with illegal reentry of a removed alien in violation of 8 U.S.C. 1326(a) and (b)(2). (Doc. 1.) A few days later, on April 25, the court appointed Mark Williman to represent Defendant. (Doc. 3.) Counsel represented Defendant at a bench trial on January 10, 2017, and Defendant was found guilty. (Doc. 32.) On September 27, 2018, however, the Ninth Circuit reversed Defendant's conviction, holding that the stipulated admission of his own attorney's testimonial statements against him and the Government's comments on, as well as the inferences drawn by the district court from Defendant's post-*Miranda* silence, violated his Sixth Amendment Confrontation Clause rights and Fifth Amendment right against self-incrimination. *United States v. Lopez-Magallon*, 738 Fed. Appx. 577 (9th Cir. 2018); (Doc. 56.) The Ninth Circuit remanded the case for a new trial and instructed that a new district court judge be appointed should Defendant elect to proceed again with a bench trial, in order to avoid any residual prejudice stemming from the erroneously admitted evidence in the first trial. *Id.* at 578. On March 26, 2019, Defendant, represented by new counsel, filed a Motion to Dismiss the Indictment. (Doc. 72.)

Defendant argues that this Court should dismiss the indictment against him with prejudice because Defendant's initial trial counsel, Mr. Williman, was so ineffective as to now render it impossible for Defendant to present a viable duress defense. Defendant argues that under *United States v. Morrison*, 449 U.S. 361 (1981), the Court may dismiss an indictment where a Defendant's Sixth Amendment right to counsel is violated and "demonstrable prejudice" results. The Court agrees with Magistrate Judge Ferraro that regardless of the Court's authority to dismiss the indictment, Defendant has not sufficiently

demonstrated that he is prejudiced by his counsel's prior ineffectiveness.

The relevant facts are discussed in the R&R. In short, Defendant claims that on April 18, 2016, after completing a day of melon picking, Daniel Flores and an associate arrived in an SUV, slammed the butt of a gun into Defendant's leg, and forced Defendant and his co-worker into the car. Defendant and his co-worker were transported to the border along with three other fearful passengers, and upon arriving, Defendant was beaten and hit with a gun until he agreed to carry a bag of marijuana across the border for a cartel. Daniel Flores then led Defendant and four others across the border until they reached a site where they could hide their marijuana packs in a brush. Defendant and Flores were detained shortly thereafter, while the other members of the group fled.

Defendant argues that he is now prejudiced by counsel's failure to document his injuries sustained at the hands of Daniel Flores, counsel's failure to designate Flores as a material witness or to track down any other members of the caravan, counsel's failure to preserve his investigative files, and the errors made that resulted in the Ninth Circuit reversing Defendant's first conviction.

As to the injuries Defendant alleges to have sustained, it is unclear from the record whether counsel was ever even aware that Defendant was injured. The injuries allegedly occurred on or around April 18, 2016, and counsel did not visit Defendant until May 30, 2016—a full month later, when the injuries might have already healed.[1] Counsel's declaration, submitted in support of Defendant's Motion to Dismiss, states only that he "did not document [Defendant's] injuries," but does not acknowledge whether counsel knew the injuries were there. Defendant likewise does not state that he informed counsel of his injuries, or state that there are no other witnesses beyond his counsel who might have been able to corroborate his injuries.

With regard to failing to designate Mr. Flores as a material witness, it is unclear, without knowing when Mr. Flores was deported or when Defendant elected to pursue a

---

[1] Mr. Williman also appeared on behalf of the Defendant at his detention hearing on April 25, 2016. This representation is not referenced in Defendant's motion.

- 3 -

duress defense,[2] whether it would have been possible for counsel to do so. Moreover, it is unclear whether it would have been advantageous for counsel to so. Counsel's declaration states that he "did not attempt to designate Daniel Flores, or the other members of the caravan, as material witnesses," but says nothing about the decision making behind this inaction. As the Government notes, Defendant can only speculate as to what Mr. Flores's testimony would have been, and more significantly, Defendant fails to offer an explanation as to how or why Flores might have chosen to incriminate himself by corroborating Defendant's statement of the case. With regards to the other members of the caravan, it is unclear that any of them were ever apprehended or how, if they were not, counsel would have gone about identifying and then locating them. And although unfortunate that counsel can no longer locate his case files, and inconsistent with best practices, aside from the unidentified or inaccessible witnesses already described, Defendant does not explain what might have been contained in these files that is no longer accessible. Counsel's declaration provides no further illumination as to what might have been lost.

Finally, as stated by Magistrate Judge Ferraro, the errors made by counsel in the first bench trial were remedied when the Ninth Circuit reversed Defendant's first conviction. To the extent that the Government attempts to introduce evidence already deemed inadmissible by the Ninth Circuit into this proceeding, as Defendant has suggested the Government might do, Defendant will have the opportunity to make an objection.

//
//
//
//
//
//
//

---

[2] Defendant states he wanted to tell agents about Daniel Flores, and the location of the drugs and guns, but he feared for his family's safety. (Doc. 72, p. 3.)

In sum, Defendant has not demonstrated such prejudice as to warrant the remedy he now seeks. Accordingly,

IT IS ORDERED that the Report and Recommendation (Doc. 81) is ADOPTED.

Dated this 11th day of June, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge